## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**DAWN KNIGHT, o/b/o**
**J.K., a minor,**

        **Plaintiff,**

**v.**                                    **No. CIV-11-0817 LAM**

**MICHAEL J. ASTRUE, Commissioner**
**of the Social Security Administration,**

        **Defendant.**

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Claimant's[1] *Motion to Reverse or Remand Administrative Agency Decision (Doc. 15)* and *Memorandum in Support of Motion to Reverse or Remand Administrative Agency Decision (Doc. 16)* (hereinafter, collectively, "*Motion*"), both filed May 30, 2012. In accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b), the parties have consented to the undersigned United States Magistrate Judge to conduct all proceedings and enter a final judgment in this case. *See* [*Docs. 5* and *6*]. The Court has reviewed Claimant's *Motion*, *Defendant's Response to Plaintiff's Motion to Reverse or Remand (Doc. 17)*, filed July 30, 2012, Claimant's *Reply Memorandum in Support of Motion to Reverse or Remand the Administrative Agency Decision (Doc. 18)*, filed August 10, 2012, and the relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record. [*Docs. 9* and *10*]. For

---

[1]Claimant "J.K." is a 16-year-old child and this action is brought by his mother, Dawn Knight, on his behalf, as Plaintiff in this case. Although Ms. Knight is the "Plaintiff" in this case, the Court refers to all claims in the case as having been made by Claimant.

the reasons set forth below, the Court **FINDS** that Claimant's *Motion* should be **GRANTED in part** and the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner") should be **REMANDED**.

## I.  Procedural History

On April 19, 2007, Claimant's mother, Dawn Knight, applied for Social Security Income (hereinafter "SSI") benefits on behalf of her minor son, alleging that he became disabled on September 1, 2001.  [*Doc. 9-7* at 2-8].  Ms. Knight alleges that Claimant became disabled due to "Apraxia/adhd."[2]   [*Doc. 9-8* at 18].   The application was denied at the initial level on August 22, 2007 (*Doc. 9-5* at 2-4) and at the reconsideration level on January 10, 2008 (*id.* at 5-7). On June 23, 2010, Administrative Law Judge Ben Willner (hereinafter "ALJ") conducted a hearing (*Doc. 9-3* at 30-72).   Claimant was represented by counsel and testified at the hearing.  *Id.* at 32, 58-70.  Claimant's mother also testified at the hearing.  *Id.* at 35-58.

On August 20, 2010, the ALJ issued his decision, finding that under the relevant sections of the Social Security Act, Claimant was not disabled.  *Id.* at 19.  Ms. Knight requested that the Appeals Council review the ALJ's decision (*id.* at 11) and, on July 18, 2011, the Appeals Council denied the request for review (*id.* at 2-5), which made the ALJ's decision the final decision of the Commissioner.  On September 13, 2011, Ms. Knight, on behalf of Claimant, filed the complaint in this case.  [*Doc. 1*].

---

[2]These disabilities appear to be Communication and Attention Deficit Hyperactivity Disorders.  *See* [*Doc. 9-3* at 22], [*Doc. 17* at 1-2], and *Stedman's Medical Dictionary* (27th ed., Lippincott Williams & Wilkins 2000) at 117 (defining "apraxia" as "[a] disorder of voluntary movement, consisting of impairment in the performance of skilled or purposeful movements, notwithstanding the preservation of comprehension, muscular power, sensibility, and coordination in general").

## II.  Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)).  If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief.  *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  Courts should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner.  *Hamlin*, 365 F.3d at 1214; *Langley*, 373 F.3d at 1118.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted); *Doyal*, 331 F.3d at 760 (citation and quotation marks omitted).  An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted).  While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citations omitted).  "The

possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## III. Applicable Law and Sequential Evaluation Process

In the context of children's disability cases, a child is disabled if he has a medically determinable impairment that results in "marked and severe functional limitations" and meets the twelve-month duration requirement of the Social Security Act. 42 U.S.C. § 1382c(a)(3)(C)(i). The Social Security Administration has adopted a three-step sequential analysis to determine whether a child is disabled. 20 C.F.R. § 416.924(a)-(d). The first step is to determine whether the child is engaged in any substantial gainful activity. 20 C.F.R. § 416.924(b). The second step is to determine whether the child has a medically severe impairment or combination of impairments. 20 C.F.R. § 416.924(c). The third step is to determine whether the child's impairment(s) meet(s), or medically or functionally equal(s) any of the Listing of Impairments contained in Appendix 1 of 20 C.F.R. Part 404, Subpart P. 20 C.F.R. § 416.924(d). If the impairment meets or equals one of the Listings, then the child is considered disabled. A negative answer at any of the three steps precludes a finding of disability. 20 C.F.R. 416.924(a). The claimant seeking benefits bears the burden of proving that his impairment meets or equals a listed impairment, and thereby, constitutes a disability. *Brown v. Comm'r of Social Security*, 311 F. Supp. 2d 1151, 1156 (D.Kan. 2004) (footnote omitted).

If, at step three, the impairment does not meet or equal one of the Listings, the Commissioner must determine if the limitations caused by the child's impairments are functionally equivalent to one of the Listings. 20 C.F.R. § 416.926a. To be functionally equivalent, the child's limitations

must be at least equal in severity and duration to limitations associated with a listed impairment. *Id.* The "functionally equivalent" analysis requires the Commissioner to analyze six domains, which are "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(b)(1). The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. *Id.*; *see also Smith v. Barnhart*, No. 05-6006, 157 Fed. Appx. 57, 60, 2005 WL 3278037 (10th Cir. Dec. 5, 2005) (unpublished). If the child is extremely limited in one domain, or markedly limited in two domains, the impairment is functionally equivalent to the relevant listing and the child is disabled. 20 C.F.R. §§ 416.924(a), 416.926a(a). In the context of functional equivalency, a limitation is marked if the "impairment(s) interferes seriously with [the] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). A limitation is extreme if the "impairment(s) interferes very seriously with [the] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i). Day-to-day functioning may be seriously or very seriously limited when an impairment either "limits only one activity or when the interactive and cumulative effects of [the] impairment(s) limit several activities." 20 C.F.R. § 416.926a(e)(2)(i)-(e)(3)(i).

### IV.  Claimant's Age, Education, Work Experience, and Medical History; and the ALJ's Decision

Claimant was born on January 2, 1997. [*Doc. 9-7* at 2]. Claimant contends that he has difficulties concentrating and attending to tasks at school and at home, has difficulties interacting with his family members, lives in a chaotic family situation, and does not get along with his siblings.

[*Doc. 16* at 2]. Claimant has been diagnosed with Communication and Mood Disorders. [*Doc. 10-4* at 28-29].

Claimant's records include: a Function Report for a Child Age 6 to 12, completed by Claimant's mother on April 19, 2007 [*Doc. 9-8* at 4-13]; a Function Report for a Child Age 12 to 18, completed by Claimant's mother on an unknown date [*Doc. 9-8* at 44-52]; Teacher questionnaires completed May 9, 2007 [*Doc. 9-8* at 25-32] and August 21, 2009 [*Doc. 9-8* at 64-72]; school records from Moriarty Municipal Schools [*Doc. 9-9* at 3-64], [*Doc. 9-10* at 2-57], [*Doc. 10-1* at 2-30], [*Doc. 10-2* at 3-9], [*Doc. 10-3* at 3-54], and [*Doc. 10-4* at 2-22]; medical records from Lovelace Health Systems [*Doc. 10-2* at 23-28], E.B. Hall, M.D. [*Doc. 10-5* at 8-60], and Hogares, Inc. [*Doc. 10-6* at 3-33]; a Speech/Language Evaluation from Bear Canyon Therapy, dated July 17, 2007 [*Doc. 10-4* at 24-25]; a Psychological Evaluation by David LaCourt, Ph.D., dated August 17, 2007 [*Doc. 10-4* at 27-29]; two Childhood Disability Evaluation Forms, one by J. LeRoy Gabaldon, Ph.D., dated August 21, 2007 [*Doc. 10-4* at 31-36], and one by Lloyd Schneiderman, DO, dated November 20, 2007 [*Doc. 10-5* at 2-7]; and two Case Analyses, one by Jill Blacharsh, dated December 27, 2007 [*Doc. 10-4* at 39], and one by Carolyn Feng, MS, CCC, SLC, dated January 9, 2008 [*Doc. 10-4* at 40]. Where relevant, Claimant's medical records are discussed in more detail below.

At step one of the three-step evaluation process, the ALJ found that Claimant had not engaged in substantial gainful activity at any time relevant to the ALJ's decision. [*Doc. 9-3* at 22]. At step two, the ALJ found that Claimant has the following severe impairments: "Communication and Attention Deficit Hyperactivity Disorders." *Id.* At the third step, the ALJ found that Claimant

did not have an impairment or combination of impairments that met or medically equaled any of the Listings found in 20 C.F.R. § 404, Subpt. P, Appx. 1 (20 C.F.R. §§ 416.924, 416.925 and 416.926). *Id.* The ALJ also found that Claimant does not have an impairment or combination of impairments that functionally equals the listings. *Id.* In support of these findings, the ALJ noted that Claimant is at a normal grade level, he is under an individualized education program in school and has received speech and reading assistance. *Id.* at 22-23. The ALJ stated that, while Claimant has some difficulty with oral expression skills and significant language concerns, that Claimant's language has improved and he "is noted to do well in a structured and nurturing classroom environment." *Id.* at 23. The ALJ discussed Claimant's consultative psychological evaluation in July 2007, his medication management with Dr. Hall, and assessment at Hogares, Inc. for anger management issues. *Id.* With regard to the six domains of function, the ALJ found that Claimant has: (1) marked limitation in acquiring and using information; (2) less than marked limitation in attending and completing tasks; (3) less than marked limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) less than marked limitation in the ability to care for himself; and (6) no limitation in health and physical well-being. *Id.* at 25-28. Accordingly, the ALJ found that Claimant was not disabled within the meaning of the Social Security Act. *Id.* at 28-29.

## V. Analysis

Claimant contends that the ALJ erred by: (1) failing to assess the hearing and documentary testimony of Claimant's mother, and (2) failing to appropriately weigh Dr. Hall's opinion and Claimant's therapist's and sixth-grade teacher's evaluations. [*Doc. 16* at 5-17]. As relief, Claimant

asks the Court to reverse the case and enter an order for payment of benefits. *Id.* at 18. In his response, Defendant disputes Claimant's contentions, and states that the ALJ properly found that Claimant did not meet, medically equal, or functionally equal a Listing. [*Doc. 17* at 4]. Defendant contends that the ALJ properly considered the testimony of Claimant's mother, and the opinions and evaluations of Dr. Hall and Claimant's therapist and sixth-grade teacher. *Id.* at 6-15. Therefore, Defendant states that the ALJ's decision is based on substantial evidence and the ALJ used correct legal standards in evaluating the evidence, so the Commissioner's final decision should be affirmed. *Id.* at 15-16.

## A.  The ALJ's Assessment of Claimant's Mother's Testimony

Claimant's first claim is that the ALJ erred by failing to assess Claimant's mother's testimony. [*Doc. 16* at 5-9]. Claimant contends that the ALJ failed to identify any of his mother's statements and did not make a credibility determination regarding her testimony. *Id.* at 5. Claimant states that his mother's testimony was instructive regarding Claimant's limitations and the ALJ erred by failing to discuss it. *Id.* at 5-6. Defendant contends that the ALJ properly considered Claimant's mother's testimony because the ALJ quoted Claimant's mother's hearing testimony regarding Claimant's grade level, and that Claimant had extra help in his classes; that Claimant liked art and uses the computer at school and the library; that Claimant enjoys drawing and playing computer video games; and that Claimant sometimes becomes violent and acts out at home and in public. [*Doc. 17* at 13-14]. Defendant also contends that Claimant was able to adequately describe his problems himself. [*Doc. 17* at 14-15].

In childhood disability cases, the regulations provide that the Administration is to "consider all relevant information," including "nonmedical sources, such as . . . parents, teachers, and other people who know" the child.  20 C.F.R. § 416.924a(a) (emphasis added).  "[P]arents and other caregivers can be important sources of information because they usually see [the child] every day." 20 C.F.R. § 416.924a(a)(2)(i).   If a child claimant is unable to adequately describe his symptoms, the ALJ must accept the testimony of the person most familiar with the child's condition.  20 C.F.R. § 416.928(a).  "In such a case, the ALJ must make specific findings concerning the credibility of the parent's testimony, just as he would if the child were testifying."  *Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001).

Here, the ALJ does not explicitly refer to Claimant's mother's testimony in his opinion.  The ALJ refers to "testimony" when describing Claimant's grade level, activities, and tendency to become violent and act out at home and in public (*Doc. 9-3* at 22-23) (stating that these findings were from "(testimony)").  However, the ALJ never explains whether this information is from Claimant's mother's testimony or Claimant's testimony.  Defendant contends that the ALJ was not required to consider Claimant's testimony because Claimant can adequately describe his own symptoms.  [*Doc. 17* at 14].  The Court finds that this contention is without merit for several reasons. First, it is not clear from the record whether the ALJ considered Claimant's testimony in his decision, other than noting some of Claimant's activities.  Second, Defendant's contention that Claimant can adequately describe his own symptoms conflicts with the ALJ's finding that Claimant has a communication disorder, which the ALJ supported by citing to evidence in the record. [*Doc. 9-3* at 22-23].  Third, while Claimant answered the questions asked of him at the hearing, he

did not discuss much of the information presented by his mother both in her hearing testimony and in the Function Reports she filled out. *Compare* [*Doc. 9-3* at 58-71] (Claimant's testimony) *with* [*Doc. 9-3* at 35-58] (Claimant's mother's testimony) and [*Doc. 9-8* at 4-13 and 44-52] (Function Reports). Moreover, and perhaps most importantly, even if Claimant can adequately describe his symptoms such that the ALJ is not required to accept his mother's testimony regarding his symptoms under 20 C.F.R. § 416.928(a), the ALJ was still required to consider Claimant's mother's testimony under 20 C.F.R. § 416.924a(a), which he did not do. Specifically, it is not clear whether the ALJ considered Claimant's mother's testimony regarding Claimant's communication issues, his social problems and tendency for violent outbursts, or issues with his personal hygiene. *See* [*Doc. 9-3* at 43-44, 46, 49-54] and [*Doc. 9-8* at 46-47, 49].

In addition, the Court finds that the ALJ erred in failing to provide an adequate credibility assessment of either Claimant or his mother. The ALJ's credibility assessment consists of a boilerplate statement finding that: "statements concerning the intensity, persistence and limiting effects of the claimant's symptoms are credible to the extent they are consistent with finding that the claimant does not have an impairment or combination of impairments that functionally equals the listings for the reasons explained below." [*Doc. 9-3* at 23]. The ALJ fails to explain why he has determined that the testimony by Claimant and his mother is not credible to the extent it is inconsistent with the ALJ's findings, which is error under *Briggs*. *See Briggs*, 248 F.3d at 1239 ("[T]he ALJ must explain why he has determined that the testimony is not credible. Standard boilerplate language will not suffice.") (citations omitted). It is important for the ALJ to articulate his reasons for finding witness testimony not credible "in order to give the individual a full and fair

review of his or her claim, and in order to ensure a well-reasoned determination or decision." *Id.* (citation and internal quotation marks omitted). For these reasons, the Court finds that the ALJ failed to adequately address Claimant's mother's testimony and failed to conduct an adequate credibility assessment of Claimant or his mother. *See Santiago v. Astrue*, No. CIV-07-720-L, 2008 WL 2944930 at *4, (W.D.Okla. July 24, 2008) (unpublished) (remanding case when the ALJ's decision did not reflect consideration of any hearing testimony or any credibility determinations); *Burton v. Barnhart*, Civ. No. 04-1307 JC/KBM, (D.N.M. July 25, 2005) [*Doc. 19* at 7] (unpublished) (remanding case when the ALJ failed to discuss the claimant's parent's testimony). Much of Claimant's testimony was elicited from leading questions and he testified mostly about his favorite activities and not about his symptoms and impairments.

### B.  The ALJ's Consideration of Dr. Hall's Opinions and the Evaluations of Claimant's Therapist and Sixth-Grade Teacher

Next, Claimant contends that the ALJ erred by failing to appropriately weigh Dr. Hall's opinion, the evaluation of Claimant's therapist Pat Ingram, LISW, and the evaluation of Claimant's sixth-grade teacher. [*Doc. 16* at 9-17]. Specifically, Claimant contends that the ALJ incorrectly assumed that Dr. Hall provided only medication management and relied only upon Claimant's self report. *Id.* at 9. Claimant also contends that the ALJ erred in failing to point out that Dr. Hall is a treating psychiatrist and failing to state what amount of weight he afforded Dr. Hall's opinions. *Id.* at 11-13. Defendant contends that the ALJ properly considered Dr. Hall's opinions and the evaluations of Claimant's therapist and sixth-grade teacher. [*Doc. 17* at 4-13].

### *1. Dr. Hall's Records*

In his opinion, the ALJ states that Claimant sees Dr. Hall for his medication management, and cites to Dr. Hall's records regarding Claimant's performance in school and behavioral issues. [*Doc. 9-3* at 23] (citing *Doc. 10-5* at 30-57) (Exhibit 15F containing medical records from Dr. Hall). The ALJ states that Dr. Hall completed a functional questionnaire in March 2010 "offering moderate limitations in acquiring and using information; extreme limitations in attending and completing tasks; marked limitations in interacting and relating to others; and extreme limitations in self-care." [*Doc. 9-3* at 23] (citing *Doc. 10-5* at 30-32). The ALJ states that "Dr. Hall's opinion contrasts with other credible evidence of record, which tends to diminish its evidentiary value." [*Doc. 9-3* at 24]. The ALJ further states that "Dr. Hall only provides medication management for [Claimant] and apparently relies quite heavily on the subjective reports of his symptoms and limitations, and addresses areas outside of the scope of his observation." *Id.*

"When evaluating the opinion of a treating physician, the ALJ must follow a sequential analysis." *Pisciotta v. Astrue*, 500 F.3d 1074, 1077 (10th Cir. 2007). First, the ALJ "should consider whether the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with the other substantial evidence in the record." *Id.* (citations omitted). If the answer to both these questions is "yes," then the ALJ "must give the opinion controlling weight," but if the treating physician's opinion is not entitled to controlling weight, "the ALJ must then consider whether the opinion should be rejected altogether or assigned some lesser weight." *Id.* When a treating physician's opinion is not given controlling weight, it is still entitled to deference and must be weighed using relevant factors such as: the length, frequency,

nature, and extent of the treating relationship; the extent to which the opinion is supported by relevant evidence, particularly medical signs and laboratory findings; the extent to which the opinion is consistent with the record as a whole; the doctor's specialization in the medical field upon which an opinion is given; and other factors tending to support or contradict the opinion. *See* 20 C.F.R. § 404.1527(c). Although the "ALJ must evaluate every medical opinion in the record [recognizing that] the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional," ultimately, the ALJ's decision must contain "reasons that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir.2004) (citation and internal quotation marks omitted).

The Court finds that the ALJ's opinion fails to adequately explain why Dr. Hall's opinions were not given controlling weight. While the ALJ states that Dr. Hall's opinions contrast with other credible evidence in the record, the ALJ fails to state what that evidence is. *See* [*Doc. 9-3* at 24]. In addition, the ALJ fails to state what weight Dr. Hall's opinions were being given, other than stating that the evidentiary value of Dr. Hall's opinions is "diminish[ed]." *Id.* The Court, therefore, finds that the ALJ erred by failing to state what evidence was contradictory to Dr. Hall's opinions and what weight the ALJ was giving Dr. Hall's opinions. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (holding that the ALJ's statement that he gave "very little weight" to opinions of various treating physicians because those physicians "did not have the opportunity to see or did not give weight to contrary evidence showing [the Claimant's] greater functional capacity," coupled with the ALJ's citation to contrary, well-supported medical evidence,

satisfied the requirement to consider the Claimant's treating physician's opinions); *Bussell v. Astrue*, No. 11-5115, 463 Fed. Appx. 779, 782, 2012 WL 718995 (10th Cir. March 7, 2012) (unpublished) (finding the ALJ properly considered the claimant's treating physician's opinion when the ALJ explained how the opinion contrasted with other evidence in the record and "made clear how much weight the opinion was being given") (citation omitted).

### *2. Claimant's Therapist's and First-Grade Teacher's Evaluations*

It is not clear what Claimant's contentions are regarding the ALJ's assessment of Claimant's therapist's and teacher's evaluations. Claimant states that an assessment by clinical therapist/social worker Pat Ingram, LISW "is admissible and to be relied upon as noted in [Social Security Ruling] 09-2p which details how to document a child's impairment related activities." [*Doc. 16* at 14]. The ALJ, however, did consider Ms. Ingram's evaluation, by noting that Ms. Ingram "submitted a functional questionnaire citing extreme limitations in acquiring and using information; marked limitations in attending and completing tasks; extreme limitations in interacting and relating to others; moderate limitations in moving about and manipulating objects and extreme limitations in self-care." [*Doc. 9-3* at 23] (citing Exhibit 19F containing records from Ms. Ingram) (*Doc. 10-6* at 24-28). Claimant fails to make any argument regarding the ALJ's assessment of Claimant's sixth-grade teacher's evaluation, other than discussing the teacher's evaluation in Claimant's motion. *See* [*Doc. 16* at 13-14]. Again, the ALJ considered the teacher's evaluation in his opinion, stating that Claimant's "sixth grade teacher also submits that he has significant problems in acquiring and using information; lesser but discernable problems with attending and completing tasks; slight problems interacting and relating with others; and some

problems caring for himself." [*Doc. 9-3* at 24] (citing Exhibit 10E) (*Doc. 9-8* at 64-70).  The Court finds that Claimant's statement in the heading of Section B of his motion that the ALJ failed to appropriately weigh these evaluations is conclusory and fails to provide any support or argument upon which the Court can evaluate the claim.  To the extent Claimant is asking the Court to substitute its opinion for that of the ALJ, the Court cannot do that.  *See Hamlin*, 365 F.3d at 1214 (explaining that the Court cannot re-weigh the evidence or substitute its judgment for that of the Commissioner).  For these reasons, the Court finds that Claimant's claim that the ALJ did not properly weigh his therapist's and teacher's evaluations should be denied.

## VI.  Conclusion

In conclusion, the Court **FINDS** that the ALJ erred in his assessment of Claimant's mother's testimony and Dr. Hall's opinions.  Accordingly, the Court will **GRANT in part** Claimant's *Motion to Reverse or Remand Administrative Agency Decision (Doc. 15)* and **REMAND** this case to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order.  The Court will **DENY** the motion to the extent it asks the Court to reverse the Commissioner's decision and enter an immediate award of benefits, because the Court finds that it is not clear from the record in this case that Claimant should be found to be disabled, and additional fact finding consistent with this opinion would be useful in making that determination.  *Cf. Dollar v. Bowen*, 821 F.2d 530, 535-36 (10th Cir. 1987) (holding that reversal was appropriate because additional fact finding would serve no useful purpose where the claimant was disabled as a matter of law, had been attempting to obtain benefits for six years, and "further administrative proceedings would only further delay the appropriate determination and award of benefits").

**IT IS THEREFORE ORDERED** that Claimant's *Motion to Reverse or Remand Administrative Agency Decision (Doc. 15)* is **GRANTED in part** and this case is **REMANDED** to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order. A final order will be entered concurrently with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

_____
**THE HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**